IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH EUGENE COOK, 680173, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-2120-K |
| | ) | ECF |
| RISSI OWENS, ET AL., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties:**

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. He is confined in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") and is proceeding pro se. The Court has granted him leave to proceed *in forma pauperis*. Defendants are Rissi Owens, Director of the Texas Parole Board; Christian Melton Crain, Chairman of the Texas Board of Criminal Justice; Brad Livingston, TDCJ Head of Classification; and Pamela Williams, Supervisor of TDCJ Classification and Records. Process has not been issued.

**II. Statement of the Case:**

Plaintiff argues Defendants have violated his civil rights by requiring him to forfeit his accrued good time and work credits upon being paroled. He argues that forfeiting his accrued

time credits unlawfully extends his sentence past the maximum sentence date, and violates the separation of powers doctrine. He also argues he was denied a neutral arbiter in his revocation hearing. Plaintiff seeks declaratory and injunctive relief. He also seeks monetary damages.

### III. Preliminary Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### IV. Discussion

Plaintiff states that with his good time, work credits and street time he has satisfied his full sentence. He seeks a declaration that he is entitled to these credits, which would require immediate release from confinement. Release from confinement, however, is not an available relief under 42 U.S.C. § 1983. Such a request is cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2241, *et seq. See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas

corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

Additionally, Petitioner challenges his revocation hearing. In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction, or sentence does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The Fifth Circuit has extended *Heck* to proceedings that call into question the fact or duration of parole. *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claim for damages is clearly connected to the legality of his revocation. A finding in favor of Plaintiff would imply the invalidity of his revocation. Plaintiff, however, has not shown that his revocation has been reversed, expunged, or otherwise invalidated. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

## RECOMMENDATION

The Court recommends that: (1) Plaintiff's time credit claims be dismissed without prejudice to Plaintiff's ability to assert these claims in a petition pursuant to 28 U.S.C. § 2254; (2)

Plaintiff's revocation claims be dismissed with prejudice until the *Heck* conditions are met.

Signed this 13th day of February, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).